# UNITED STATES DISTRICT COURT

Danny Richard Dustin

V.

Ashley Terry, Sheriff Michele Cook, Sgt. Palmer, Melissa Nelson, & The City of Green Cove Springs

Case: 3:23-CV-439-MMH-PDB

FILED 2023 APR 17 PM 1:06 CLERK, US DISTRICT COURT MIDDLE DISTRICT OF FL JACKSONVILLE, FLORIDA

## § 1983 CIVIL RIGHTS COMPLAINT

Comes now the plaintiff, Danny Richard Dustin with a §1983 CIVIL RIGHTS CLAIM against assistant state attorney, Ashley Terry and the Clay County Sheriff Michele Cook for their malefic roles and coming to an agreement to create a Conspiracy, and Violating a pretrial detainee's Fourteenth Amendment Right not to be placed in segregation (confinement) without notice and an opportunity to be heard as required by Due Process.

This is a Claim for "Conspiracy" between the State Attorney's Office and the Clay County Jail to violate a pretrial detainee's Civil Rights and the Supreme Court, along with the 11TH Circuit has made it clear that this conduct is unconstitutional, as well as actionable under a §1983 Claim and is not frivolous.

1.

## Plaintiff & Respondants

1. The Plaintiff, Danny Richard Dustin is seeking relief for the deprivation of his Due Process right not to be placed in segregation and punished without a hearing or a chance to be heard, for 21 days. He was also denied access to the Kiosk for those 21 days, which in turned deprived him of general mail (Freedom of Speech) and the ability to make legal copies or visit the law library and this infringement was injurious because he missed a 15 day deadline with the 5TH DCA. Danny Dustin 133604 can be reached at P.O. Box 958, Green Cove Springs, FL 32043.

2. The Respondant, assistant State attorney Ashley Terry recklessly conspired with the Clay County Jail to deprive a U.S. Citizen, his Constitutional Due Process Right not to be subjected to punishment without a hearing by placing him on an illegal "Administrative Hold" which caused him to be thrown in confinement and denied all access to phone, kiosk, and general mail for 21 days out of pure spite. Ashley Terry can be reached at 825 N. Orange Ave., Green Cove Springs, FL 32043

2.

## Plaintiff and Respondants

3. The Respondant, Sheriff Michele Cook for her role in this Conspiracy and carelessly allowing a pretrial detainee to be forced to unnecessary punishment by creating a bridge between the State Attorney's Office and the Clay County Jail and not monitoring that bridge for unconstitutionality that resulted in the infringement of the Plaintiff's Due Process Rights. Sheriff Michele Cook can be reached at P.O. Box 548, Green Cove Springs, FL 32043

4. The Respondant, Clay County Jail Classification Officer Sgt. Palmer for executing this order and her role in this Conspiracy and Failing to Intervene, when she knows that the Plaintiff didn't have a disciplinary infraction and was being punished without a hearing or notice. Sgt Palmer can be reached at 901 N. Orange Ave., Green Cove Springs, FL 32043

5. The Respondant, Melissa Nelson is responsible for training and supervising her assistants, and the simple fact that Ashley Terry would find this unconstitutional conduct fitting to inflict, shows poor training and absolutely no supervision on Melissa Nelson's part and she can be reached at 311 W. Monroe St., Jacksonville, FL 32202

## Plaintiff and Respondants

6. The Respondant, the City of Green Cove Springs has failed to train, discipline, and supervise their employees in the State Attorney's Office and Clay County Jail and Ashley Terry is abusing her power and using the Jail as a weapon to hurt pretrial detainees out of personal dislike and vendetta. The City of Green Cove Springs has been made aware of this malicious behavior and has done nothing to reprimand her conduct. The City of Green Cove Springs can be reached at P.O. Box 1366, Green Cove Springs, FL 32043.

# Brief

On March 25th, 2021, I was exiled from Green Cove Springs Clay County Jail for helping other inmates with their legal work and transported to Duval County Jail to be placed on a curtsey hold. Then after filing a motion to proceed Pro Se, I was transported back to Clay County on October 6th, 2022 and would remain there until November 1st, 2022. During these three weeks of being held in Clay County, I was in general population and presented absolutely no problem and had absolutely no issues with staff or any other inmates. Infact I have visited this jail over a dozen times and never once been in a fight, had a disciplinary infraction, or ever been disrespectful to staff.

    After being granted the privilege to go Pro Se by the Honorable Judge Lester, I was then transported back to Duval Jail until early December for my next court date. But this time when I arrived at Clay County on December 5th, 2022, I was immediately taken to confinement and denied phone and kiosk. My court date was on December 6th, and then I was transported back to Duval on the 7th of December and because this violation of my Civil Right was only for 2 days, I did not complain about the Unconstitutional Abuse.

    But then on January 26th, 2023, I was unexpectedly

5.

picked up from Duval and taken back to Clay County again. I packed up all my property and went downstairs to be transported. The Duval County Correctional Officer told me I was only going for the day and ordered me to take my things back up stairs. Of course this would turn out to be a lie and all my property was left in jeopardy in a general populated dorm C of Stewart.

On the morning of January 20th, 2023, when I arrived at Clay County I was once again placed on an administrative hold by the order of Ashley Terry and thrown in confinement and denied phone, kiosk, and general mail for 19 days and I have proof of general mail that was unreceived and returned to the sender.

Also, as a Pro Se inmate, I am allowed access to the law library and allowed to make legal copies, but Clay County has gone paperless and these request have to be filled out on kiosk which I was refused access to. After 17 days of complaining to multiple Sergeants (Sgt. King, Sgt. Ritz, Sgt. Santiago, and Sgt. Palmer) I did finally receive an old inmate request and wrote Mrs. Patty (legal aid) and Billy Arnold about this abuse.

By also denying me access to the phone, I was unable to order an indigent kit and receive paper and stamped envelopes and missed a deadline with the District Court of Appeals, because of Ashley Terry's

6.

oppressive power and tyranny.

The only reason a State Attorney can put in such an order of punishment, is if an inmate is a lethal threat to a witness and can order harm to that witness over the phone, kiosk, or through mail, but Ashley Terry thought it justified to enact this punishment on an inmate who has never been in trouble one single time during any of his visits to jail. (Also D.R. free in Duval)

On February 13th, 2023, I was finally transported back to Duval County and on February 23rd, I finally got my property back, so I could once again work on my "punishable by life" case, with only 30 days left before trial.

With the added 2 days in December 2022, and the 19 days from January 26th - February 13th, 2023, that is a total of 21 days that Ashley Terry conspired with the Clay County Jail to violate an inmates Civil Rights by Denying him Access to the Courts and inflicting punishment without Due Process of Law, and caused intentional and unnecessary Infliction of Emotional Distress.

My trial is set for the end of March and Ashley Terry's actions were insidious and unconstitutional and I now seek relief for this abuse and deprivation of my Constitutional Rights.

7.

## Facts Of The Brief

1. This is not a malicious prosecution claim and this injurious action does not involve the outcome of Case # 2020-CF-0426, State of Florida V. Danny Richard Dustin.

2. This is a conspiracy claim where the State Attorney's Office and the Clay County Jail reached an understanding or agreement that resulted in the actual violation of a U.S. Citizen's Fourteenth Amendment Due Process Rights for 21 days and this injurious Unconstitutional attack is stand alone and has accrued, and the deprivation has been finalized and I now seek actionable relief.

3. The "Denied Access to the Courts" is not because they kept transporting me between Duval Jail and Clay County Jail, IT IS, for the 21 days I was locked in confinement and was not given the opportunity or ability to fill out a request to go to the law library or make legal copies and I missed a deadline with the District Court of Appeals.

4. All general mail is uploaded onto the Kiosk which I was restricted from and punished without Due Process which also Violates my First Amendment Right to Freedom of Speech.

8.

## Facts Of The Brief

5. I was placed in confinement and denied all privilegs including Phone and Kiosk because assistent state attorney Ashley Terry was upset I went Pro Se. "Whether a condition of pretrial detention amounts to punishment turns on whether the condition is imposed for the purpose of punishment..." Wimberly V. Conway, 768 Fed. Appx. 758 (11th Cir 2019)
   First, while any pretrial punishment includes conditions imposed with an intent to punish," intent or motivation is an essential element of the underlying Constitutional violation. Johnson V. Houston City, Ga., 785 F. Appx. 911, 918 (11th Cir 2018)

6. Phone records will show this segregation was not a protective custody hold, but the intent was to punish; and I have never been disrespectful, been in a fight, or ever had a problem with staff or any other inmate inside 15 visits dating back since 2005, and have "Never Ever" had a disciplinary infraction during any of those 15 visits. I am a model inmate and this order did not come from the jail, it came from the State Attorney's Office!

9.

## Counts

1. Count One - Conspiracy on assistant state attorney Ashley Terry in her official capacity for the infringement and deprivation of my Due Process Right not to be subjected to any punishment as a pretrial detainee without a hearing or notice, and a chance to be heard. (14TH Amendment)

2. Count Two - Conspiracy on assistant state attorney Ashley Terry in her official capacity for the infringement and deprivation of my First Amendment Right to "Freedom of Speech" by denying me access to the kiosk, where general mail is uploaded, for 19 days while in confinment.

3. Count Three - Conspiracy on assistant state attorney Ashley Terry in her official capacity for the infringement and deprivation of my First Amendment Right to "Denial of Access to the Courts" by Denying me access to the Kiosk I could not fill out a request to go to the law library and missed a 15 day deadline with the DCA that could of ended my jail sentence. (Actual Injury)

4. Count Four - Conspiracy on Sheriff Michele

10

## Counts (continued)

Cook in her official capacity for her role in allowing an assistant state attorney to use the Clay County Jail as a weapon for a "personal vendetta" against a pretrial detainee who is innocent until proven guilty and was undeserving of this punishment.

5. Count Five - Failure to Supervise on Sheriff Michele Cook in her official capacity for not ensuring that the Clay County Jail Staff is well trained or monitored, and aware of the Due Process Right of Pretrial Detainees. While in confinement I spoke to Sgt. King, Sgt. Hannah, Sgt. Santiago, Sgt. Reatz and several others about the unconstitutional segregation, and none of them were aware how to aid in relief, so I have excluded them from "failure to intervene," but I believe steps should be taken by Sheriff Michele Cook to make sure her staff is better suited to stop this kind of unconstitutional illegal deprivations.

6. Count Six - Conspiracy on Classification Sgt. Palmer in her official capacity for her role and participation in the deprivation of a pretrial detainees civil rights and "failing to intervene" when she knew I was

## Counts (continued)

placed in confinement on an "administrative hold" without a disciplinary infraction and was undeserving of the loss of privileges and denied phone and kiosk without notice, hearing, or reason.

7. Count Seven - Failure to Train on Melissa Nelson in her official capacity for not teaching or training her assistant attorneys in ethical practices, moral principles, and ABA model professionalism, and "not disciplining" her assistants when they cross the line.

8. Count Eight - Failure to Supervise on the City of Green Cove Springs in it's official capacity for doing nothing to investigate, supervise, or discipline their employees for such sinister conduct, a simple pulling of phone records will prove I was punished without due process by Ashley Terry's Order that was implement by Sheriff Michele Cook herself, or Classification Officer Sgt. Palmer who is in charge of inmates being placed in confinement and that is qualified as a Conspiracy Claim is actionable under §1983.

## Supreme Court Case Law

"The Due Process Clause forbids punishment of pretrial detainees." Schall v. Martin, 467 U.S. 253, 104 S.Ct. 2403, 2412, 81 L. Ed. 2d 207 (1984)

- and in -

Bell v. Wolfish, 441 U.S. 520, 60 L. Ed. 2d 447, 99 S. Ct. 1861 (1979) The United States Supreme Court decided that the standard for unconstitutionality as applied to conditions for criminal pretrial detainees is whether such conditions or restrictions amounted to punishment.

- THEN -

Carey further held that, absent actual injury, deprivation of due process right is actionable for nominal damages. Carey v. Piphus, 435 U.S. 247, 98 S.Ct. 1042, 55 L. Ed. 2d 252 (1978)

Pretrial detainees are "innocent until proven guilty" and are subject to being held only for purposes to secure their appearance at court for the alleged crime, and are not to be punished without cause, notice, and a chance to be heard.

13.

# 11TH CIRCUIT DECISIONS

In ~~Dov~~ Doe v. Moore the 11TH Circuited supported, "The substantive componet of the Due Process Clause 'protects fundamental rights that as so implict in the concept of ordered liberty' that 'neither liberty nor justice would exist if they were sacrificed.' Doe v. Moore, 410 F.3d 1337, 1342-43 (11TH Cir. 2005)

"Absolute prosecutorial immunity is function related. The defendant prosecutor must show that it is justified for the function in question." Mikko v. City of Atlanta, 857 F.3d 1136, 1142 (11TH Cir. 2017)

"First, While any pretrial punishment includes conditions imposed with an intent to punish, 'intent or motivation' is an essential element of the underlying constitutional violation." Johnson v. Houston City, Ga., 758 F. Appx. 911, 918 (11TH Cir. 2018)

"Whether a condition of pretrial detention amounts to punishment turns on whether the condition is imposed for the purpose of punishment." Wimbush v. Conway, 768 Fed. App'x. 958 (11TH Cir. 2019

"Emotional Injury is actionable under Section 1983 for humiliation, embarrassment, and mental distress resulting from the deprivation of a constitutional right. Barnett v. Housing Authority, 707 F.2d 1571, 1579 (11TH Cir. 1983)

# Prayer For Relief

The 11 Circuit stated, "To state a conspiracy claim under a §1983, a plaintiff must allege the defendants reached an understanding or came to an agreement to violate his rights and this understanding or agreement resulted in an actual violation of those rights. Rowe V. City of Fort Lauderdale, 279 F.3d 1271, 1283-84 (11th Cir. 2002)

Ashley Terry called the Clay County Jail and Sheriff Michele Cook and/or Sgt. Palmer understood and agreed to place me in Confinement and deny me phone, Kiosk, general mail, and access to the law library and my "Civil Rights" were "actually violated for 21 days" that I was "punished without notice or a hearing." The 11TH Circuit makes it crystal clear that a claim of "Conspiracy" is actionable under the §1983 and is a claim were relief can be sought, and I, demand humbly for the jury to decide the amount of relief on all Counts listed in this Complaint.

Phone records and message history will show this was a deprivation of my Civil Rights and I was not placed on a "Protective Custody" hold, but a malicious "Administrative Hold" by Ashley Terry. I have been to this jail "15 times since 2005" and "Never Once" been disrespectful to staff, never once been in trouble, never once had a problem with another inmate, and never once been in a fight or ever need protective Custody!

15

## OATH

I swear the statements in this Complaint are true to the best of my knowledge, so help me God and I swear this under the penalty of perjury.

## Certificate of Service

A true and correct copy of this motion has been sent to the District Court and the 11TH DCA, 56TH Forsyth Street NW, Atlanta, GA, 30303 on this 29 day of March, 2023 by placing it in the U.S. Mail

Respectfully Submitted,

By /s/

Danny Destin 133604
P.O. Box 958
Green Cove Springs, FL
32043

16.